NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 1 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC MOUTAL; ANDREA NEWMAN,

Plaintiffs-Appellees,

v.

EXEL, INC., a foreign corporation,

Defendant-Appellant.

No.    21-35303

D.C. No. 3:17-cv-01444-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted May 13, 2022
Portland, Oregon

Before: CHRISTEN and SUNG, Circuit Judges, and RAYES,[**] District Judge.

Plaintiffs Eric Moutal and Andrea Newman were seriously injured when an

Exel employee drove his 18-wheeler semi-truck into them as they rode their

bicycles. A jury found Exel negligent and awarded Plaintiffs $5,658,893.75 in

compensatory damages and $4 million in punitive damages. The district court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

denied Exel's renewed motion for judgment as a matter of law and motion for new trial or remittitur. Exel appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**I.**

We review de novo the district court's denial of a renewed motion for judgment as a matter of law and draw all inferences in favor of the nonmoving parties, reversing only when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Lam v. City of Los Banos*, 976 F.3d 986, 995 (9th Cir. 2020) (citation omitted).

Exel's renewed motion for judgment as a matter of law challenged the sufficiency of the evidence supporting the punitive damages award. Oregon law permits a punitive damages award when clear and convincing evidence shows a tortfeasor "acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." Or. Rev. Stat. § 31.730(1).

The jury heard that the Exel employee drove an 18-wheel behemoth over the speed limit down a winding road widely known and well-marked as a bicycle route, while repeatedly crossing the fog line and jerking back into his lane over the course of two miles. The jury could reasonably infer that, as a professional driver, he knew the risks of his driving but chose to drive in a manner that subjected bicyclists

2

lawfully on the roadway, including Moutal and Newman, to unreasonable risks of serious bodily injury or death.  This evidence supports the jury's finding by clear and convincing evidence that the Exel driver showed a reckless and outrageous indifference to a highly unreasonable risk of harm and that he acted with a conscious indifference to the health, safety, and welfare of others.

## II.

"Denial of a motion for new trial and remittitur are reviewed for abuse of discretion."  *Kaffaga v. Est. of Steinbeck*, 938 F.3d 1006, 1013 (9th Cir. 2019).  On appeal, we view the evidence in the light most favorable to sustaining the verdict. *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam); *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983).

Exel's motion for new trial or remittitur repeats the sufficiency-of-the-evidence argument, challenges the admissibility of the Exel driver's post-accident conduct, and argues that the punitive damages award is excessive.  Assuming the district court erred by admitting evidence of post-accident conduct, such error is harmless because, as explained above, the pre-accident conduct alone sufficiently supports punitive damages.  We therefore focus on the whether the award is excessive.

Oregon courts look to five factors to determine whether a punitive damages award is excessive:

(1) the statutory and common-law factors that allow an award of punitive damages for the specific kind of claim at issue; (2) the state interests that a punitive damages award is designed to serve; (3) the degree of reprehensibility of the defendant's conduct; (4) the disparity between the punitive damages award and the actual or potential harm inflicted; and (5) the civil and criminal sanctions provided for comparable misconduct.

*Parrott v. Carr Chevrolet, Inc.*, 17 P.3d 473, 484 (Or. 2001) (cleaned up).  Because the last three are constitutional factors, *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568, 574–85 (1996), we review them de novo, *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S 424, 431 (2001).

All factors support the punitive damages award amount.  As noted above, the evidence supports the award under Or. Rev. Stat. § 31.730 (factor 1).  Imposing punitive damages vindicates Oregon's interests in safeguarding its highways (factor 2).  *See Gore*, 517 U.S. at 572.  The driver's conduct was highly reprehensible for causing physical harm and displaying a reckless indifference to the threat he posed to other motorists, especially to the vulnerable cyclists (factor 3).  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); Or. Rev. Stat. § 801.608(6) (bicyclists on the shoulder of a highway are "[v]ulnerable").  The ratio of punitive damages to compensatory damages falls well within the 4:1 ratio suggested by the United States Supreme Court (factor 4).  *See Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 (1991).  Finally, the criminal sanctions that could apply to this conduct placed Exel on notice of a potential nontrivial punitive damages

4

award (factor 5).  *See* Or. Rev. Stat. §§ 163.175(1)(c) (assault in the second degree), 163.165(1)(a) (assault in the third degree), 161.605(2)–(3), 161.625(1)(c)–(d).

**AFFIRMED.**